UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RICKY R.,[1] | Case No. 2:15-cv-01704-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is an unopposed Motion for Attorney Fees Under 42 U.S.C. § 406(b) ("Section 406(b)") filed by plaintiff Ricky R. ("Plaintiff"). Although Plaintiff is the claimant in this

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 - OPINION AND ORDER {sib}

case, the real party in interest to this motion is his attorney, Merrill Schneider ("Schneider") of the Schneider Kerr Law Offices. The Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes Schneider is entitled to fees under Section 406(b) in the amount of $21,144.75.[2]

*Procedural Background*

Plaintiff filed his application for disability insurance benefits on December 21, 2011, alleging an onset date of December 31, 2010. His application was denied initially and on reconsideration. On February 7, 2014, an Administrative Law Judge ("ALJ") issued an opinion finding Plaintiff was not disabled through the date he was last insured and, therefore, not entitled to benefits. The ALJ found Plaintiff: (1) suffered from the severe impairments of coronary artery disease, diabetes mellitus, cervical/lumber degenerative disc disease, right shoulder injury, minor degenerative joint disease of the left shoulder, knee and foot pain, gout, and obesity; (2) retained the residual functional capacity to perform light work that requires only occasional climbing (ramps/stairs), balancing, stooping, kneeling, crouching or crawling; no climbing of ropes, ladders or scaffolds or reaching with the upper left extremity, and less than moderate exposure to hazards such as commercial driving, unprotected heights, and moving machinery; (3) was unable to perform past relevant work; and (4) was able to perform jobs such as automobile self-service station attendant and sales clerk. Accordingly, the ALJ determined Plaintiff was not disabled between his alleged onset date of December 31, 2010. through September 30, 2013, the date he was last insured. That decision

---

[2]The parties have consented to jurisdiction by magistrate judge in accordance with 28 U.S.C. § 636(c)(1).

became the final decision of the Commissioner on July 13, 2015, when the Appeals Council denied Plaintiff's appeal.

Plaintiff sought review of the Commissioner's decision by filing a complaint in this court on September 9, 2015. Plaintiff alleged the ALJ erred by: (1) improperly discounting Plaintiff's credibility; (2) failing to account for Plaintiff's right shoulder limitation in formulating Plaintiff's residual functional capacity; (3) identifying representative occupations that conflict with Plaintiff's residual functional capacity; and (4) identifying transferable skills without the support of vocational expert testimony. On December 12, 2016, this court issued an Opinion and Order affirming the ALJ's discounting of Plaintiff's testimony, formulation of his residual functional capacity, and identification of representative occupations, but finding insufficient evidence in the record to support the ALJ's determination Plaintiff had transferable skills to perform the identified occupations (the "Opinion"). Consequently, the court remanded the matter for development of the record with regard to transferable skills. On January 2, 2018, the ALJ issued a favorable decision finding Plaintiff disabled as of October 30, 2011. As a result, Plaintiff and his children were awarded a total of $108,579 in past-due benefits.

Plaintiff previously filed a Stipulated Motion for Attorney Fees Under 28 U.S.C. § 2412(d) in the amount of $3,599.28, which the court granted on March 15, 2017. On June 5, 2018, Plaintiff filed the instant petition for attorney fees under Section 406(b) in the amount of $21,144.75. The Commissioner does not oppose the motion.

*Discussion*

The parties do not dispute Plaintiff is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount Schneider requests as attorney fees. Nonetheless,

because the Commissioner does not have a direct stake in the allocation of Plaintiff's attorney fees, the court must ensure the calculation of fees is reasonable to prevent Schneider from receiving a potential windfall. *See Gisbrecht*, 535 U.S. at 798 n. 6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question.").

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (2018). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, at *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (Mar. 17, 2010) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). A Section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.* Accordingly, when a court approves a fee under both 28 U.S.C. § 2412(d)) of the Equal Access to Judgment Act (the "EAJA") and Section 406(b), the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Plaintiff and Schneider executed a retainer agreement, which provided the Schneider Kerr Law Offices were entitled to "[a]ttorneys fees for representation in the Federal Court . . . separate from and in addition to any fee for representation before the Social Security Administration" in an amount not to exceed

twenty-five percent of the past-due benefits awarded. (Mot. for Attorney Fees Under 42 U.S.C. §406(b), ECF No. 27, ("Mot."), Attach. 1.) The terms of this agreement are within the statute's limits.

Next, the court confirms the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to Plaintiff. Schneider provided documents from the Social Security Administration (the "Administration") entitled "Notice of Award" which detail retroactive benefits due to Plaintiff and his children in the total amount of $108,579. (Mot. Attach. 2-4.) Accordingly, the Schneider Kerr Law Offices may recover up to $27,144.75 in attorney fees for time expended before the district court, which represents twenty-five percent of Plaintiff's past-due benefits.

The Schneider Kerr Law Offices seek attorney fees of $21,144.75, significantly less than the twenty-five percent cap contemplated by the fee agreement. Schneider contends the fee requested is appropriate because the combined fees recovered under both Sections 406(a) and 406(b) together would equal $ 27,144.75, exactly twenty-five percent of Plaintiff's past-due benefits award. (Mot. at 4 n.2.) The Ninth Circuit, however, has held Section 406(b)'s twenty-five percent statutory cap applies only to fees awarded for representation before the district court and does not limit the total fees that may be recovered under Sections 406(a) and 406(b). *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008). Therefore, the request for $21,114.75 under § 406(b) is below the twenty-five percent cap. Having determined the fee agreement and the amount requested are in accordance with the statutory limits, the court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II.  Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Id.* at *12.  If obtaining benefits always supported an award of fees in the maximum amount permitted by statute, the other *Gisbrecht* factors and trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id*. (quoting *Gisbrecht*, 535 U.S. at 808).  Here, the Schneider Kerr Law Offices seek just under twenty percent of the past-due benefits, less than the twenty-five percent statutory cap.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.  While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected.  *Id*. at 793, 807.  The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808).

The four factors to be considered when evaluating a requested fee's reasonableness under *Gisbrecht* are:  (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter the attorney would receive an unwarranted windfall. *Id.* at 1151–53 (citations omitted).  The  risk inherent in contingency representation is also an appropriate factor to consider.  The Ninth Circuit focused the risk inquiry, explaining "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm

assumed in taking the case." *Id*. at 1153.

### A. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a Section 406(b) fee award. *Id*. at 1151. The record in this case, however, provides no basis for a such a reduction. In fact, Schneider prevailed and earned a remand for further administrative proceedings which eventually resulted in an award of benefits.

### B. Results Achieved

As a result of Schneider's representation, the court ordered a remand of Plaintiff's claim to develop the record regarding transferrable skills. That proceeding resulted in an award and calculation of benefits. Thus, the results were wholly successful.

### C. Undue Delay

A court also may reduce a Section 406(b) award for delays in proceedings attributable to claimant's counsel. *Id*. The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, Plaintiff served the Commissioner promptly and filed his opening brief on June 21, 2016, after obtaining a sixty-day extension due to a concussion suffered by Schneider in a bicycle accident. This delay was not disproportionately long in relation to the overall pendency of the action, and was reasonable and justified. The remaining briefing was timely filed and the case resolved in fifteen months, a reasonable period. Accordingly, a reduction of the fee request is unwarranted under this factor.

*D. Proportionality*

Finally, a district court may reduce a Section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, Schneider filed an eighteen-page opening brief asserting four errors by the ALJ and a nine-page brief bolstering his arguments in response to the Commissioner's opposition brief. Schneider argued the ALJ erred in discounting Plaintiffs' testimony, ignoring his right shoulder limitations, and improperly identifying representative occupations and transferrable skills. Schneider was successful on only one argument, but obtained a remand for additional proceedings which resulted in an award of benefits.

Plaintiff and his children are entitled to $108,579 in total past-due disability benefits. Schneider reports, and the time records confirm, he expended 18.70 hours representing Plaintiff in this matter. This time expenditure is lower than the twenty-to-forty hour range Chief Judge Mosman has found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007).

The Schneider Kerr Law Offices seek $21,144.75 in attorney fees for Schneider's representation of Plaintiff before this court, which results in an effective hourly rate of $l,130.73 This hourly rate, though relatively high, is justified by the end result, the efficiency with which it was achieved, and the number of individuals benefitted by Schneider's services. Moreover, it is relatively consistent with rates previously found reasonable in this circuit, particularly given that the fees sought are below the twenty-five percent cap provided by law and the contingency fee

agreement, and taking inflation into account. *See Crawford*, 586 F.3d at 1146, 51 (affirming grant of fees amounting to over $900 per hour, where, among other factors, contingency fee allowed recovery of twenty-five percent of past-due benefits and "counsel voluntarily reduced [their] fees substantially from the allowable 25% . . . ."); *see also Quinnin v. Colvin*, No. 1:12–cv–01133–SI, 2013 WL 5786988, at *3–4 (D. Or. Oct. 28, 2013) (finding that a *defacto* hourly rate of $1000 for an attorney is a "helpful guide" in assessing reasonable fee award in Social Security case); *Ali v. Comm'r*, Civ. No. 3:10–cv–01232–CL, 2013 WL 3819867, at *3 (D. Or. July 21, 2013) (approving an effective hourly rate of $1000).

*E. Risk*

Schneider does not assert specific risks unique to this case, and the court identifies none. The the issues raised by Schneider on Plaintiff's behalf are fairly routine in Social Security cases. The Schneider Kerr Law Offices do not seek an adjustment to the requested fee based on risk factors and the court concludes no such adjustment is warranted.

*Conclusion*

For the reasons stated, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (ECF No. 27) is GRANTED and the Schneider Kerr Law Offices are awarded $21,144.75 in attorney fees. In light of the EAJA fees previously awarded to the firm in the amount of $3,599.28, the amount due to the Schneider Kerr Law Offices from Plaintiff's past-due benefits is $17,545.47.

DATED this 10th day of October, 2018.

    /s/ John V. Acosta
    JOHN V. ACOSTA
    United States Magistrate Judge